MARGARET ADELAIDE KANE, Respondent, v. RICORO ESTATES, INC., and Others, Defendants, Impleaded with AARON B. SALANT, Appellant.— Action to foreclose a mortgage on real property. Appellant, owner of the equity of redemption, moved to dismiss the complaint in so far as it demands a deficiency judgment against him, and the motion was denied. He then moved for a reargument and asked that on reargument the complaint be dismissed to the extent originally asked for or, in lieu thereof, that there be struck out the words " that the defendant Aaron B. Salant be adjudged to pay any deficiency remaining after the application of said moneys aforesaid, and that the plaintiff may have execution against said defendant for the amount of such deficiency." The reargument was granted, and on reargument the motion was denied. The appeal is from both orders. Orders affirmed, with one bill of ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order herein, on payment of costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

JOSEPH M. LAUER, an Infant under the Age of Fourteen Years, by MYRTLE LAUER, His Guardian ad Litem, and Another, Appellants, v. CANADA DRY GINGER ALE, INCORPORATED, Respondent.— Action in which a truck's left rear wheel, while turning a corner, crushed a part of the foot of a boy seated in a toy wagon pushed by an older child. Judgment for defendant and order denying motion to set aside the verdict and for a new trial reversed on the law and the facts and a new trial granted in the interests of justice, costs to appellant to abide the event. The charge of the court did not with sufficient clarity state the law applicable to the situation. The jury should have been told that plaintiff might prevail if defendant's negligence was the sole proximate cause of plaintiff's injuries or if that negligence was the concurring proximate cause with the negligence of Dorothy. Of course those questions are to be considered in connection with whether or not plaintiff was negligent, which negligence would prevent a recovery. Imputable negligence was not involved as between the two children, who were mere playmates. In a proper sense one child was not in charge of the other. Imputable negligence could be involved only if a question relating to the propriety of the parents' allowing plaintiff out on the street, under the circumstances, were litigated. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.